**SO ORDERED.**

**SIGNED this 27 day of September, 2013.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

SPRINGFIELD HOMES, LLC,                          CHAPTER 11
                                                 CASE NO. 13-04550-8-RDD
    DEBTOR

## ORDER GRANTING MOTION TO DISMISS CASE

Pending before the Court is the Motion to Dismiss filed by Springfield Homes, LLC (the "Debtor"), by and through its member/manager G. Frank Moody on July 24, 2013, the Response to Motion to Dismiss filed by Springfield Homes, LLC, by and through its member/manager David Cully on August 12, 2013, and the Objection to Motion to Dismiss filed by the United States Bankruptcy Administrator on August 12, 2013.  The Court conducted a hearing on this matter on August 26, 2013 in Wilson, North Carolina.

### BACKGROUND

The Debtor was organized in October of 2006. The Debtor is the owner and developer of the "Stephen's Glen" subdivision in Youngsville, North Carolina.  From its inception until now, the Debtor has two managers, G. Frank Moody and David Cully. The two member shares are each owned by entitites that are wholly owned by the two managers.

Mr. Cully, in is named capacity as member/manager of the Debtor, filed a voluntary petition for relief under chapter 11 of the United States Code (the "Bankruptcy Code") on July 22, 2013. The bankruptcy petition includes a Statement Regarding Authority to Sign and File Petition. It is unsigned and states that a "special meeting [was] duly called and held on the 22nd day of July, 2013", where the Debtor adopted certain resolutions, including one that provides "the Operating Agreement of Springfield Homes, LLC grants management authority to either of two managers unless where a super-majority is required." Bankruptcy Petition, at 8, July 22, 2013, ECF No. 1. The resolutions also purport to grant Mr. Cully authority to execute and deliver all documents necessary to perfect the filing of a chapter 11 bankruptcy case on behalf of the Debtor.

Mr. Moody does not consent to the filing of the petition. Mr. Moody contends that Mr. Cully lacked authority to file the petition on behalf of the Debtor and requests that the case be dismissed.

## DISCUSSION

In determining whether an individual is properly authorized to institute a bankruptcy proceeding on behalf of a legal entity, courts look to state law. *In re Surf City Investments, LLC*, No. 11-01398-8-RDD, 2011 WL 5909489 *2 (Bankr. E.D.N.C. May 6, 2011) (citing *In re Cabernet Holdings LLC*, No. 10-50602C-11, 2010 WL 2540115 *2 (Bankr. M.D.N.C. June 21, 2010) (citing *Hager v. Gibson*, 108 F.3d 35, 39 (4th Cir. 1997))). Management of a limited liability company is vested jointly in all members, unless the company's articles of organization or written operating agreement provide otherwise. N.C. Gen. Stat. § 57C-3-20; *In re Surf City Investments, LLC*, 2011 WL 5909489 *3, Case No. 11-01398-8-RDD. A bankruptcy court cannot establish jurisdiction over a petitioning entity where the individual instituting the proceeding lacks authority under state law or the corporate governing instruments. *Id.* (citing, *Price v. Gur*ney, 324 U.S. 100, 106 (1945).

Section 5.01(a) of the Operating Agreement of Springfield Homes, LLC (the "Operating Agreement") provides:

> [t]he business and affairs of the Company shall be managed by its Management, and not by the Members in their roles as members . . . At any time when there is more than one Manager, the act of the Management shall be the affirmative vote of a majority of the Managers, unless the approval of a greater number of the Managers is otherwise required . . .

Operating Agreement. Sec. 5.10(a), Ex. A, at16.

Section 5.01(e) of the Operating Agreement provides that "[a]ny action taken by Management may be evidenced by a written consent, signed and executed by the number of Managers whose affirmative vote is required for such action by the Company to be effective under Section 5.01(a)." Operating Agreement. Sec. 5.10(e), Ex. A, at 18.

The Operating Agreement defines Manager as G. Frank Moody and David P. Cully, each an individual resident of North Carolina . . . Operating Agreement. Article I, Ex. A, at 3.

Section 1112(b) of the Bankruptcy Code provides:

> [o]n request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and of the estate, for cause unless the court determines that the Court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interest of creditors and the estate.

11 U.S.C. § 1112(b).

The Court finds that sufficient cause exists to dismiss the Chapter 11 petition. Mr. Moody does not consent to the filing of the bankruptcy petition. Each of the members hold a fifty-percent interest and a majority can only be obtained by consent of both members. The Operating Agreement contains no exception for the filing of a bankruptcy petition. Therefore, Mr. Cully is not authorized

3

under the terms of the operating agreement and under North Carolina state law to file a petition on behalf of the Debtor. Accordingly, the bankruptcy case is hereby **DISMISSED.** Mr. Cully is **ORDERED** to pay the Quarterly Fee in the amount of $325.00 to the Bankruptcy Administrator.

**SO ORDERED**.

**END OF DOCUMENT**